IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR NO. 1:CR-01-131-08 |
| | ) |
| v. | ) (Judge Rambo) |
| | ) |
| **BENNIE SANDERS** | ) (Electronically Filed) |

### MOTION RECOMMENDING DOWNWARD DEPARTURE

AND NOW, the United States of America, by its undersigned counsel, moves pursuant to Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines and Title 18, United States Code, Section 3553, and recommends that the Court reduce the sentence to be imposed upon the defendant in light of the defendant's "substantial assistance" to law enforcement. In support of this motion the United States alleges as follows:

1. On March 27, 2007, the defendant pleaded guilty to Count 1 of the Indictment, which charged him with criminal conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 371.

2. The defendant entered this guilty plea pursuant to the terms of a plea agreement with the United States. That plea agreement required the defendant to truthfully cooperate with the government in its investigation of wrongdoing by others, and stated that if the defendant provided substantial assistance to law enforcement, the government may move for a departure from the sentence otherwise called for by the Sentencing Guidelines in the defendant's case.

3. Following the entry of this plea a pre-sentence report was prepared. That report concluded that the defendant has a criminal history category of I, and that the defendant's offense conduct resulted in a total offense level of 19. On the basis of these findings, the pre-sentence report concluded that the guidelines imprisonment range for this matter is 30-37 months.

4. The defendant has objected to a two-point enhancement described in paragraph 23 of the pre-sentence report and another two-point enhancement described in paragraph 24 of the pre-sentence report. The government concurs in the defense objections. Thus, the government's position at sentencing will be that the defendant's total offense level is 15 and his guidelines sentencing range is 18-24 months. With these exceptions, the United States concurs in the guidelines calculations set forth in this pre-sentence report. The United States, however, submits that a departure downward from the guidelines imprisonment of 18-24 months is warranted in the defendant's case in light of the defendant's substantial assistance to law enforcement. That assistance is described below: The defendant provided detailed information to Postal Inspector Joe Adiano and will sign a four-page affidavit detailing this information at the time of sentencing. Specifically, he described the involvement of Ricardo Fraser, Kevin Card, Michael Williams and others in cross border frauds emanating from the Toronto area. This information should be characterized as valuable intelligence and also corroborates and expands on

information previously known to the government.

    5. Section 5K1.1 of the United States Sentencing Commission Sentencing Guidelines provides that the Court may depart from the guidelines upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.

    6. In determining whether a sentence reduction is appropriate, the Court may consider a number of factors specified in Section 5K1.1 of the Sentencing Guidelines including, but not limited to the following: 1) the significance and usefulness of the defendant's assistance; 2) the truthfulness, completeness, and reliability of the defendant's information; 3) the nature and extent of the defendant's assistance; 4) any injury suffered or danger or risk of injury to the defendant or others as a result of the defendant's assistance; and 5) the timeliness of the defendant's cooperation. With respect to these factors, in <u>United States</u> v. <u>Torres</u>, 251 F.3d.138, (3rd. Cir.2001) the United States Court of Appeals instructed this Court to conduct a qualitative case-by-case analysis of Section 5K1.1's five enumerated factors, and any other factors the Court deems relevant, in making an assessment regarding the nature and scope of any sentencing departure. The Court of Appeals went on to state that the District Court should make specific findings regarding each of these factors and conduct an individualized examination of the defendant's assistance.

7. As an aid to the Court in conducting this individualized assessment required by law, the United States proffers the following with respect to the relevant factors under Section 5K1.1:

    A. Nature of the Cooperation: As noted above, the defendant provided detailed information to Postal Inspector Joe Adiano and will sign a four-page affidavit detailing this information at the time of sentencing. Specifically, he described the involvement of Ricardo Fraser, Kevin Card, Michael Williams and others in cross border frauds emanating from the Toronto area. This information should be characterized as valuable intelligence and also corroborates and expands on information previously known to the government.

    B. Significance of the Cooperation: The defendant's cooperation can be characterized as significant.

    C. Reliability of the Information Provided: The government believes, based on supporting evidence, that the information provided by the defendant was accurate.

    D. Danger to the Defendant: No specific danger to the defendant was identified.

    E. Timeliness of Cooperation: The defendant's cooperation was timely.

8. In this case, it is submitted that the defendant's cooperation, as described above, constitutes substantial assistance warranting a sentencing departure in accordance with the Sentencing Guidelines, since a number of these factors weigh in favor of

granting a sentencing departure. Accordingly, in light of the defendant's substantial assistance to law enforcement, the United States recommends that this court depart below the guidelines imprisonment range otherwise set for this offense when sentencing the defendant. Specifically, the United States recommends that the court grant a one-level downward departure from the guidelines range of 18-24 months. Such a departure would mean that the defendant's sentencing guidelines range would be 15-21 months. Moreover, the government recommends that the court sentence the defendant at the bottom of this guideline range. Such a departure would result in a sentence of 15 months. If the court determines not to grant the defense objection to the four-point enhancement, then the government recommends that the court grant a five-level downward departure from the guidelines sentencing range of 30-37 months. Such a departure would result in a sentencing guidelines range of 15-21 months. Moreover, the government again recommends that the court sentence at the bottom of this guideline range. Such a departure would again result in a sentence of 15 months.

WHEREFORE, for the foregoing reasons, the United States recommends a departure from the guidelines imprisonment range otherwise called for in this case in light of the defendant's substantial assistance to law enforcement.

                         Respectfully submitted,

                         THOMAS A. MARINO
                         United States Attorney

BY:  s/Christy H. Fawcett
     CHRISTY H. FAWCETT
     Assistant U.S. Attorney
     PA35067
     Christy.Fawcett@usdoj.gov

     228 Walnut Street, Suite 220
     P.O. Box 11754
     Harrisburg, PA 17108
     Phone: (717) 221-4482
     Fax: (717) 221-4493

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR NO. 1:CR-01-131-08 |
| | ) | |
| v. | ) | (Judge Rambo) |
| | ) | |
| **BENNIE SANDERS** | ) | (Electronically Filed) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 25th day of July 2007, she served a copy of the attached

**MOTION RECOMMENDING DOWNWARD DEPARTURE**

by electronic means by sending a copy to each of the e-mail addresses stated below:

**Lenora M. Smith**
lenora.law@earthlink.net,DScott5143@comcast.net


                                                      s/Christina L. Garber
                                                      CHRISTINA L. GARBER
                                                      Legal Assistant