AO 245 B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case
=====================================================================

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| | CASE NUMBER: 1:01-CR-0131-08 |
| VS. | USM NUMBER: 15737-067 |
| BENNIE SANDERS | |
| | _Lenora Smith_, Esquire |
| | Defendant's Attorney |

**THE DEFENDANT:**
[X] pleaded guilty to count 1 of an Indictment.
[ ] pleaded nolo contendere to count(s)_____
    which (was)(were) accepted by the court.
[ ] was found guilty on count(s)_____ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 371 | Conspiracy to Commit Mail and Wire Fraud | 02/28/2001 | 1 |

   The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____.
[X] Count(s) 2-51 are dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | |
|---|---|
| | **July 25, 2007** |
| | Date of Imposition of Sentence |
| Date: July 26, 2007 | |
| | S/Sylvia H. Rambo, |
| | U.S. District Judge |
| | Middle District of Pennsylvania |

★U.S.GPO:1990-722-448/10286

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 2 - Imprisonment
===========================================================================

Defendant: BENNIE SANDERS                                           Judgment-Page 2 of 8
Case Number: 1:01-CR-0131-08

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of (15) fifteen months. Defendant is to immediately leave the United States upon release from incarceration and not report to the Bureau of Immigration and Customs Enforcement.

[X] The court makes the following recommendations to the Bureau of Prisons:
 Placement at a facility as close to the Toronto, Canadian border as possible (such as FCI McKean) so that upon release the defendant can immediately leave the United States.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

 [ ] at _____ a.m./p.m. on _____ .
 [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
 [ ] before 2 p.m. on _____ .
 [ ] as notified by the United States Marshal.
 [ ] as notified by the probation office.
 [ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place of confinement.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy Marshal

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 3 - Supervised Release
========================================================================

Defendant: BENNIE SANDERS                                    Judgment-Page 3 of 8
Case Number: 1:01-CR-0131-08

## SUPERVISED RELEASE

  Upon release from imprisonment, the defendant shall be on supervised release for a term of (3) three years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 3 - Supervised Release
==================================================================

Defendant: BENNIE SANDERS                                                                    Judgment-Page 4 of 8
Case Number: 1:01-CR-0131-08

## STANDARD CONDITIONS OF SUPERVISION CONTINUED

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) the defendant, as directed by the probation officer, shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.
16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.
17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessments.
18) the defendant shall provide the Probation Officer with access to any requested financial information.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____     _____
                                                                                              Date

_____     _____
U.S. Probation Officer/Designated Witness                     Date

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 4 Supervised Release
=====================================================================

Defendant: BENNIE SANDERS                                    Judgment-Page 5 of 8
Case Number: 1:01-CR-0131-08

## ADDITIONAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $100.00.

2. The defendant shall remain outside the United States and not re-enter without approval of the Immigration and Customs Enforcement agency, and written authorization of the probation office. Supervision will be on a non-reporting basis.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 5 - Criminal Monetary Penalties
===============================================================

Defendant: BENNIE SANDERS                                              Judgment-Page 6 of 8
Case Number: 1:01-CR-0131-08

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|            | **Assessment** | **Fine** | **Restitution** |
|------------|----------------|----------|-----------------|
| **Totals:** | $100.00       | $N/A     | $16,766.59      |

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

| NAME OF PAYEE | TOTAL LOSS | RESTITUTION ORDER | PRIORITY OF PERCENTAGE |
|---|---|---|---|
| Cassius Booth | 1000.00 | 1000.00 | 5.95% |
| Tiffiney Brown | 2000.00 | 2000.00 | 11.91% |
| Milton C. Canady | 800.00 | 800.00 | 4.76% |
| Eloise Cummings | 390.00 | 390.00 | 2.32% |
| Willie Dawson | 200.00 | 200.00 | 1.19% |
| Raymond Gomez, Jr. | 550.00 | 550.00 | 3.27% |
| West Griffin III | 600.00 | 600.00 | 3.57% |
| Carlos Hartsfield | 400.00 | 400.00 | 2.38% |
| Daphanie Hawkins | 419.00 | 419.00 | 2.49% |
| Alan Hombs | 780.00 | 780.00 | 4.64% |
| Evelyne Hucks-Law | 250.00 | 250.00 | 1.49% |
| Taffinee L. Hudson | 945.00 | 945.00 | 5.63% |
| James C. McCathorine | 1137.59 | 1137.59 | 6.77% |
| Russell Merchant | 65.00 | 65.00 | 0.39% |
| Michael Mills | 1500.00 | 1500.00 | 8.93% |
| Thomas M. Palmerine | 850.00 | 850.00 | 5.06% |
| Rick Pigg | 250.00 | 250.00 | 1.49% |
| Phillip J. Pinti | 500.00 | 500.00 | 2.98% |
| Adriana Pullen | 600.00 | 600.00 | 3.57% |
| Brenda E. Reed | 230.00 | 230.00 | 1.37% |
| John Rowe | 1100.00 | 1100.00 | 6.55% |
| Christopher Salamone | 500.00 | 500.00 | 2.98% |
| David E. Wade | 600.00 | 600.00 | 3.57% |
| Mary F. Williams | 600.00 | 600.00 | 3.57% |
| Scott Winowitz | 500.00 | 500.00 | 2.98% |
| **TOTALS** | **$ 16,766.59** | **$16,766.59** | **100%** |

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties
=========================================================

Defendant: BENNIE SANDERS                                               Judgment-Page 7 of  8
Case Number: 1:01-CR-0131-08

[ ] Restitution amount ordered pursuant to plea agreement  $_____.

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [X] the interest requirement is waived for the    [ ] fine  [X] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:


* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties
========================================================

Defendant: BENNIE SANDERS                                              Judgment-Page 8 of 8
Case Number: 1:01-CR-0131-08

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A [X]** Lump sum payment of $ 16,866.59 due immediately, and payable during the period of incarceration with any
        balance to be paid within three years of release from custody.
    [ ] not later than_____or
    [X] in accordance with [ ] C, [ ] D, [ ] E [X] F below; or
**B [ ]** Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

**C [ ]** Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of
        _____(e.g., months or years), to commence _____(e.g., 30 or 60 days) after the date of this judgment; or
**D [ ]** Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $_____ over a period of
        _____(e.g., months or years), to commence_____(e.g., 30 or 60 days) after release from imprisonment to a term of Supervision; or
**E [ ]** Payment during the term of supervised release will commence within _____(e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
**F [X]** Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay any balance of the restitution imposed by this judgment which remains unpaid at the commencement of the term of supervised release in minimum monthly installments of no less than $100.00.


    Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment with any balance to be paid within two years of defendant's release from custody. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, Middle District of Pennsylvania, 235 North Washington Ave. and Linden Street, Room 101, Post Office Box 1148, Scranton, Pa. 18501, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.



[ ] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.



[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.